### WALKER v. STATE.    (8 Div. 74.)

(Court of Appeals of Alabama. May 29, 1923. Rehearing Denied June 12, 1923.)

Intoxicating liquors ⬤═236(19)—Evidence sustained conviction for violation of prohibition law.

  In a prosecution for violation of the prohibition law, evidence of the finding of a still and defendant and others present at the time *held* sufficient to support a verdict.

Appeal from Circuit Court, Marshall County; W. W. Haralson, Judge.

Johnie Walker was convicted of violating the prohibition law, and appeals. Affirmed.

P. W. Shumate, of Guntersville, for appellant.

The evidence is not sufficient to support a verdict of guilty. Clark v. State, 18 Ala. App. 217, 90 South. 16; Adams v. State, 18 Ala. App. 143, 90 South. 42; Mitchell v. State, 18 Ala. App. 119, 89 South. 98; Wadsworth v. State, 18 Ala. App. 352, 92 South. 245; Morris v. State, 18 Ala. App. 435, 92 South. 910; Seigler v. State, ante, p. 135, 95 South. 563.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The evidence was sufficient to justify the verdict. 4 Mich. Ala. Dig. 130.

BRICKEN, P. J. The testimony offered by the state was that of the sheriff, and it tended to show that he and three other men made a raid upon a still about 10 o'clock at night in Marshall county within the time covered by the indictment. He testified that they found a still, and that defendant and two other men were present; that the still was full of slop, and, while there was a fire in the furnace under the still, it was not boiling; that the fire had just been started up, and the beer was warming; that upon approaching the still this defendant fired at them with a pistol, and he and the other men at the still ran, and one of them, not known to the sheriff, succeeded in getting away. The defendant admitted his presence at the still at the time stated, but insisted, and so testified, that he was not assisting in its operation, and had nothing whatever to do with it, and that he did not have possession of the still. There was a general verdict of guilty as charged in the indictment, and it is insisted that the evidence is insufficient to support the verdict of the jury and the judgment rendered. We cannot so agree. Our opinion is that the facts testified to presented a question for the determination of the jury. Certainly if the testimony offered by the state was believed by the jury to be true beyond a reasonable doubt it was ample upon which to predicate the verdict rendered. The undisputed fact that the defendant was present tended to establish an opportunity to commit the offense complained of, and this, coupled with the fact that he fired a pistol at the approaching officers, and also tried to escape from them, would, as stated, afford an inference, and we might say a strong one, of the culpability of the accused.

The motion for a new trial was properly overruled. This motion raises only the question as to the sufficiency of the evidence, and the further insistence that the court erred in its oral charge to the jury. Both insistencies are without merit.

The record is free from error. Let the judgment appealed from stand affirmed.

Affirmed.

———

⬤═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes