(100 So. 575)

### HAYNES v. STATE.· (8 Div. 146.)

(Court of Appeals of Alabama. June 10, 1924.)

1. **Criminal law** ⬤⟼1170½(1)—**Error in sustaining state's objection to question on cross-examination held cured.**

If trial court erred in sustaining state's objection to a certain question propounded to state witness on cross-examination, the error was cured where court's question and witness' answer brought out the testimony sought.

2. **Criminal law** ⬤⟼1170½(5)—**Cross-examination by state of codefendant held not to require reversal.**

A reversal of accused's conviction cannot be predicated on a claimed objectionable question and answer permitted to be made on state's cross-examination of accused's codefendant where it affirmatively appears such answer and question did not injure codefendant, who was acquitted, and there was nothing in the question or answer prejudicial to accused.

3. **Intoxicating liquors** ⬤⟼238(1)—**General affirmative charge held properly refused.**

General affirmative charge for accused in prosecution for manufacturing liquor *held* properly refused.

4. **Criminal law** ⬤⟼552(1)—**Flight of person charged with crime is circumstance to be considered in determining guilt.**

The flight of a person charged with a crime is a circumstance which the jury may consider in determining his guilt, but it may or may not be considered as a circumstance tending to prove guilt, as that depends on whether motive of flight had its origin in the consciousness of guilt and pending apprehension of being brought to justice, or whether it was attributable to more innocent motives.

Appeal from Circuit Court, Lauderdale County; Chas. P. Almon, Judge.

Marshall Haynes and Emmet Burns were indicted for violating the prohibition law.

From a judgment of conviction of Marshall Haynes, he appeals. Affirmed.

Bradshaw & Barnett, of Florence, for appellant.

To justify the question by the state to defendant Burns, he should have been informed of the time and place. Nalls v. State, 19 Ala. App. 146, 95 South. 591. Counsel argue other matters, but without citing additional authorities.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

On cross-examination, a wide latitude, resting in the discretion of the court, is allowed. May v. State, 16 Ala. App. 541, 79 South. 677.

FOSTER, J. [1] The appellant was convicted for manufacturing prohibited liquors.

Counsel for appellant insist that the court committed error prejudicial to the defendant in sustaining objection by the state to the question propounded to a state's witness on cross-examination, as follows:

"Now when you called to them to hold up their hands how many shots were fired?"

If there was error in this ruling it was immediately cured by the question by the court and the answer of the witness as follows:

Question: "Were there any shots fired before they were arrested?" Answer: "No, sir, after they started I think Mr. Dempsey shot a time or two."

The defendant had the benefit of the testimony elicited by the question to which objection was sustained.

[2] Appellant's counsel also insist that the court erred in permitting the state on cross-examination of defendant, Emmet Burns, to ask the following question:

"Did you tell W. B. Copeland that day when he asked you whose still it was that you did not know to whom it belonged?"

The answer of the witness was, "I don't recollect." It affirmatively appears that no injury resulted to the defendant Burns, who was acquitted, and that there was nothing in this question or answer prejudicial to the rights of the defendant Haynes, as Copeland was not recalled to contradict the statement of the witness, and this line of inquiry was not pursued further. From the mere asking of the question the jury could not draw any unfavorable inference, and most assuredl· did not, as the only testimony before them on this point was the denial by the witness Burns. It appears that they believed his testimony, and that upon it he was acquitted.

[3] The general affirmative charge for the defendant was properly ·refused. The defendant and two others were found at a still

---

⬤⟼For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

in full operation with a fire under it and corn whisky running from it. There were seven gallons of whisky and nine barrels of beer or slop. The appellant had some white substance on his shoes and the bottom of his pants that looked like slop. The appellant ran when the officers came to the still. The officer who was asked about the shots fired testified that none were fired until the defendant and others who were there ran. Evidence of the mere presence of the defendant at the still without more may not be sufficient to convict. But his presence at a still in full operation, together with the circumstance that something that looked like slop, or beer used in making whisky was found on his shoes and his pants, and evidence of his flight before any shots were fired, were sufficient to submit to the jury the question of his guilt. Walker v. State, 19 Ala. App. 266, 96 South. 937.

[4] The flight of a person charged with a crime is a circumstance which the jury may take into consideration in determining his guilt. It may or may not be considered as a circumstance tending to prove guilt, as this depends upon whether the motive of flight had its origin in the consciousness of guilt and a pending apprehension of being brought to justice, or whether it is attributable to other and more innocent motives. 4 Michie's Digest, par. 205(2), p. 130.

We find no error in the record. The judgment of the circuit court is affirmed.

Affirmed.